IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL RUSSELL, *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : | |
| MIMI'S CAFÉ AND MARKET *Defendant* | : : : | No. 21-3826 |

## MEMORANDUM

PRATTER, J.                                                                                           JANUARY ____, 2023

Michael Russell sued his employer, Mimi's Café, for racial discrimination, alleging hostile work environment, disparate treatment, and retaliation. Despite multiple extensions, Mimi's Café did not respond to Mr. Russell's complaint, and the Clerk of Court entered a default. Mr. Russell now moves for a default judgment. Because the allegations in Mr. Russell's complaint state a plausible claim for relief, and because he has provided adequate evidence of his damages, the Court grants his motion and enters a default judgment in his favor.

### BACKGROUND[1]

Mr. Russell, a black man, began working as a chef with Mimi's Café in September 2020. Almost immediately, another cook in the kitchen began to subject Mr. Russell to racial slurs and other verbal hostilities. This same employee also physically struck Mr. Russell with pots and pans and shoved him into a lit burner in an attempt to burn him. This pattern of abuse culminated in the other employee pointing a firearm at Mr. Russell and threatening to kill him. Police were called and the other employee was fired, but the racial discrimination against Mr. Russell continued, with other employees using racial slurs and leveling unfounded accusations at him. Mr.

---

[1] These facts are taken from Mr. Russell's Complaint, which the Court accepts as true at the motion to dismiss stage.

1

Russell reported these incidents to his employer to no avail. He was fired weeks later on November 7, 2020.

Mr. Russell filed suit against Mimi's Café, alleging hostile work environment, disparate treatment, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, 42 U.S.C. § 1981, and the Pennsylvania Human Relations Act (PHRA), 43 P.S. §§ 951. Mimi's Café filed a waiver of service on November 5, 2021, some two months after the complaint was filed, and then requested a 30-day extension to respond. The Court granted this extension, but Mimi's Café did not file a response. On January 27, 2022, Mr. Russell made his first request for a default. Mimi's Café responded by requesting a second extension, claiming that it could not afford counsel but saying that it had "supporting documentation" to counter Mr. Russell's allegations. The Court granted this second extension, but again Mimi's Café did not respond. Mr. Russell again requested a default, which the Clerk's Office entered on March 11, 2022. On October 19, 2022, Mr. Russell moved for a default judgment, seeking the full amount requested in his complaint. Mimi's Café again did not respond, and, following notice, an evidentiary hearing on damages was held before the Court on December 16, 2022. Mimi's Café did not appear, did not submit any written response, and, to date, has made no contact with the Court.

## LEGAL STANDARD

Once the clerk of court has entered a default, a plaintiff may apply to the court for entry of a default judgment. Fed. R. Civ. P. 55(b)(2). A defaulting defendant is treated as having admitted the facts alleged in the complaint, but the Court must still determine "whether the unchallenged facts constitute a legitimate cause of action." 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2688.1 (4th ed. 2022) (citing cases). As with a motion to dismiss, then, the Court must accept as true the well-pleaded factual allegations as if admitted or

established by proof, apart from those relating to damages. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). All reasonable inferences must be drawn in the plaintiff's favor, though the Court may not credit threadbare conclusory statements. *Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994).

## ANALYSIS

### I.  Whether Mr. Russell's Complaint States a Claim

Mr. Russell's complaint brings claims under Title VII, § 1981, and the PHRA for hostile work environment, disparate treatment, and retaliation. For the reasons that follow, his complaint states a plausible claim for each.

#### a. Hostile Work Environment

To establish a *prima facie* claim for a hostile work environment, Mr. Russell must show that "1) [he] suffered intentional discrimination because of [his race], 2) the discrimination was severe or pervasive, 3) the discrimination detrimentally affected [him], 4) the discrimination would detrimentally affect a reasonable person in like circumstances, and 5) the existence of *respondeat superior* liability." *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013) (citation omitted). "The first four elements establish a hostile work environment, and the fifth element determines employer liability." *Id.* Mr. Russell's complaint alleges that several employees at Mimi's Café subjected him to pervasive racial slurs, threats, and violence, thus he plausibly states a hostile work environment claim

#### b. Disparate Treatment

A disparate treatment claim requires the plaintiff to show "(1) that he belongs to a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in § 1981." *Estate of Oliva ex rel. McHugh*

*v. New Jersey*, 604 F.3d 788, 797 (3d Cir. 2010). Mr. Russell alleges racial slurs directed at him by the management team at Mimi's Café, along with wrongful discipline and termination, satisfying this standard.

### c. Retaliation

A *prima facie* retaliation claim requires a showing that "(1) [the Plaintiff] engaged in conduct protected by Title VII; (2) the employer took adverse action against [the Plaintiff]; and (3) a causal link exists between [the Plaintiff's] protected conduct and the employer's adverse action." *Charlton v. Paramus Bd. of Educ.*, 25 F.3d 194, 201 (3d Cir. 1994). Mr. Russell alleges that he was hired on September 15, 2020, and fired on November 7, 2020. Within that time, Mr. Russell alleges a violent encounter with another employee, based on Mr. Russel's race, which Mr. Russell reported. Reporting discrimination is protected conduct, firing is an adverse action, and given the very short time window, the Court may infer a causal connection between the protected activity and Mr. Russell's firing. *See Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 260 (3d Cir. 2017). Thus, Mr. Russell has stated a claim for retaliation as well.

## II. Whether the Court Should Enter a Default Judgment

Even if a Plaintiff's complaint states a claim, a default judgment is not automatic; the decision to do so is left to the Court's "sound judicial discretion." *E. Elec. Corp. of New Jersey v. Shoemaker Constr. Co.*, 657 F. Supp. 2d 545, 551 (E.D. Pa. 2009) (internal quotation omitted). Because default judgments do not reflect the benefits of our direct adversarial system, they are disfavored. *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982). Accordingly, the Court's discretion is guided by three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether

4

the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).[2]

### a. Prejudice to Plaintiff

Some courts have read this factor to require that plaintiff's ability to litigate the case would be impaired, such as by the loss of available evidence, before entering a default judgment. *See Brennan v. Century Sec. Servs.*, No. 21-cv-1678, 2022 WL 3686542, at *3 (M.D. Pa. Aug. 25, 2022). Other courts in this Circuit, however, have found prejudice based on the mere failure to appear. *See Aquapaw LLC v. Allnice*, No. 20-1954, 2022 WL 3019808, at *4 (W.D. Pa. July 29, 2022) (finding plaintiff "would be prejudiced if default judgment were denied because the Defendants have failed to appear" and denial "would therefore leave [Plaintiffs] with no other means to vindicate its claims"); *Arias v. Wal-Mart Stores E., LP*, No. 19-cv-05227, 2021 WL 4169398, at *4 (E.D. Pa. Sept. 14, 2021) (finding prejudice because "[Defendant's] failure to respond to Plaintiffs' claims leaves Plaintiffs with no other means to vindicate their claims"). Likewise, "[c]onsiderable delays" that threaten to "stretch on indefinitely" may also show prejudice. *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 271 (E.D. Pa. 2014).[3] Here,

---

[2] There is some debate as to whether the *Chamberlain* factors, which arose in a case about whether to overturn a default judgment, should apply to the initial decision to grant a default judgment against an absent party. *See Hill v. Williamsport Police Dep't*, 69 F. App'x. 49, 53 (3d Cir. 2003) (Rendell, J., concurring) (noting "persuasive authority for the proposition that these decisions should be left wholly within the sound discretion of the district courts"); *Joe Hand Promotions, Inc. v. Waldron*, No. 11-cv-849, 2013 WL 1007398, at *4 n.4 (D.N.J. Mar. 13, 2013) (questioning the analytical value of the *Chamberlain* factors at the granting stage "because all three factors tend to be resolved against the defaulting party simply by virtue of that party's absence"). Nonetheless, these factors remain helpful and relevant to the Court's decision to exercise its discretion.

[3] Some courts have cited a Third Circuit Court of Appeals decision, *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653 (3d Cir. 1982), for the proposition that delay alone is insufficient to meet the standard for granting a default judgment. *See, e.g., Barclay Transp. v. Land O'Lakes, Inc.*, No. 07-2065, 2008 WL 4491932, at *5 (M.D. Pa. Sept. 30, 2008). *Feliciano* was clear, however, that mere "[d]elay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent *the opening a default judgment* entered at an early stage of the proceeding." 691 F.2d at 656-57. A different standard applies to a late-arriving defendant's request to reopen an already-entered judgment than to

Mr. Russell has no other recourse against his former employer, and Mimi's Café's continued failure to respond has delayed any relief by over a year at this point. Thus, this factor weighs in favor of entering a default judgment.

### b. Litigable Defense

A court "may presume that an absent defendant who has failed to answer has no meritorious defense." *Yakubets*, 3 F. Supp. 3d at 271. Here, Mimi's Café asserted in its second request for an extension that it had "supporting documentation" to show that Mr. Russell's claims are baseless. Doc. No. 7. This promise of evidence does not amount to a litigable defense. Even if Mimi's Café provided the documentation (which, by the way, it has not), "'[i]t is not the court's responsibility to research the law and construct the parties' arguments for them.'" *Yakubets*, 3 F. Sup. 3d at 271-72 (quoting *Econ. Folding Box Corp. v. Anchor Frozen Foods Corp.*, 515 F.3d 718, 721 (7th Cir. 2008)). This factor also weighs in favor of entering a default judgment.

### c. Defendant's Conduct

Where a defendant completely fails to "engage[] in the litigation process and ha[s] offered no reason for this failure or refusal," this may "qualif[y] as culpable conduct with respect to the entry of a default judgment." *Shoemaker*, 657 F. Supp 2d at 554. That said, negligence alone does not constitute culpable conduct, which requires something more akin to bad faith. *See Daughtry v. Kauffman*, No. 17-cv-442, 2019 WL 118600, at *3 (M.D. Pa. Jan 7, 2019). Here, Mimi's Café has not been negligent; according to its letter to the Court, it has been unable to file a response because, reportedly due to the COVID-19 pandemic, it cannot afford counsel. While a lack of

---

granting a default judgment against an absent defendant. *See Chamberlain*, 210 F.3d at 164 (default judgment not warranted where defendant answered, though late).

6

financial resources is certainly not evidence of bad faith, it also cannot excuse a continued failure to respond to a complaint. At best, then, this factor is inconclusive.

*****

In sum, two of the *Chamberlain* factors weigh in favor of granting a default judgment, with the third factor being inconclusive. Therefore, the Court grants Mr. Russell's motion and enters a default judgment in his favor.

## III. Damages

The final issue is whether Mr. Russell, having stated a claim, is entitled to the damages he seeks. The Court may not accept as true the damages alleged but must satisfy itself that the calculation of damages is correct. To do so, it may rely on affidavits or other evidentiary materials or may conduct an evidentiary hearing to determine the amount of damages. Fed. R. Civ. P. 55(b)(2)(B). Under Pennsylvania law, there is no requirement that a damage calculation meet a standard of mathematical certainty. *See J.W.S. Delavau, Inc. v. E. Am. Transp. & Warehousing, Inc.*, 810 A.2d 672, 687 (Pa. Super. Ct. 2002). The standard is reasonableness based on all the evidence and affidavits submitted by the moving party. *See, e.g., J & J Sports Prods., Inc. v. Roach*, No. 07-cv-5059, 2008 WL 8901291 (E.D. Pa. July 8, 2008).

Mr. Russell has provided affidavits from which the Court may ascertain the amount of back pay ($13,349.38) and attorney's fees ($8,181.17) owed to Mr. Russell. Doc. No. 16 ¶ 11. Mr. Russell also seeks $25,000 in compensatory damages for pain and suffering. An evidentiary hearing was held on December 16, 2022, to hear Mr. Russell's testimony as to these damages; Mimi's Café did not appear. At the hearing, Mr. Russell described in detail the physical injuries, fear, humiliation, emotional distress, anxiety and loss of sleep he suffered as a result of his treatment, along with the financial struggles he faced as a result of losing his job. The Court finds

7

Mr. Russell's testimony credible and concludes that, given the allegations in his complaint, which the Court must accept as true, $25,000 in compensatory damages is reasonable under the circumstances. The Court will award Mr. Russell damages in the amount of $46,530.55.

## CONCLUSION

For the foregoing reasons, the Court grants Mr. Russell's motion for an entry of default judgment against Mimi's Café. An appropriate order follows.

BY THE COURT:

*/s/ Gene E.K. Pratter*

**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**